■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN VINCENT CAROTHERS, Appellant.— Order of the County Court, Orange County, dated July 19, 1968, affirmed. Appellant contends that his sentence was excessive. *Coram nobis* is not the proper procedure to test this issue. We have nonetheless reviewed the merits of this issue and find that the sentence was proper. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO A. DI GIANGIEMO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated October 25, 1967, which denied, without a hearing, his application to vacate a judgment of the former County Court, Queens County, rendered January 8, 1954, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Order affirmed, with leave to renew upon proper supporting papers. The affidavit mandated by *People* v. *Scott* (10 N Y 2d 380) cannot properly be furnished for the first time on appeal and may not be considered (*People* v. *Warren*, 25 A D 2d 676; *People* v. *Sprow*, 26 A D 2d 822, 823). Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM JAMES JARRELS, Appellant.— Order of the Supreme Court, Kings County, dated May 8, 1968, affirmed. The rule enunciated in *United States* v. *Wade* (388 U. S. 218), concerning the pretrial identification of an accused, is not to be applied retroactively in a collateral attack on a judgment of conviction rendered prior to the decision in *Wade* (*Stovall* v. *Denno*, 388 U. S. 293). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.